**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SMART VENT PRODUCTS, INC., | Civil Action No.: 1:13-cv-03643 |
| Plaintiff, | |
| -against- | Hon. Jerome B. Simandle |
| AAA LOUVERS AND MILLWORK, INC., | Hon. Karen M. Williams |
| Defendant. | |
| AAA LOUVERS, INC., | |
| Counterclaim Plaintiff, | **JOINT [PROPOSED] DISCOVERY PLAN** |
| -against- | |
| SMART VENT PRODUCTS, INC., | |
| Counterclaim Defendant. | |

Defendant/Counterclaim Plaintiff AAA LOUVERS, INC., incorrectly sued herein as AAA LOUVERS AND MILLWORK, INC., ("AAA Louvers"), and Plaintiff/Counterclaim Defendant Smart Vent Products, Inc. ("Smart Vent"), by and through their attorneys, have met and conferred in good-faith pursuant to Fed. R. Civ. P. 26(f) and hereby submit the following proposed Joint Discovery Plan in accordance with the Court's Scheduling Order dated August 30, 2013, as amended by the Court Order dated September 12, 2013:

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    **For Smart Vent:**      Anthony J. DiMarino III
    Emmett Collazo
    A.J. DiMarino, P.C.
    57 Euclid Street, Suite A
    Woodbury, New Jersey 08096
    Phone: (856) 853-0055
    Fax: (856) 853-2866

    **For AAA Louvers:**     John Robertelli
    RIVKIN RADLER LLP
    21 Main Street, Suite 158
    Court Plaza South, West Wing
    Hackensack, New Jersey 07601
    Phone: (201) 287-2460
    Fax: (201) 489-0495

    Stephen J. Smirti, Jr.
    Michael C. Cannata
    RIVKIN RADLER LLP
    926 RXR Plaza
    Uniondale, New York 11556
    Phone: (516) 357-3000
    Fax: (516) 357-3333

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

    **This is a patent infringement action involving two U.S. patents (U.S. Patent Nos. 6,287,050 and 6,485,231) which Smart Vent alleges protect certain inventions relating to foundation flood vents. According to Smart Vent's complaint, the "purpose of these vents is to allow the flood waters to flow freely into and out of the lower level of structures…[f]oundation flood vents automatically open to allow flood waters to reach equal levels on both sides of the walls, which decreases the potential for differences in water pressure on opposite sides of the walls, thus lowering the possibility of structural damage to the wall."  See Complaint dated June 11, 2013.**

    **Smart Vent alleges that certain flood vents sold by AAA Louvers infringe the above-referenced patents.  In addition, Smart Vent alleges that other flood vents are being falsely advertised by AAA Louvers as being compliant**

with certain federal regulations. Smart Vent's complaint dated June 11, 2013 contains the following causes of action:

1. Infringement of U.S. Patent No. 6,287,050;

2. Infringement of U.S. Patent No. 6,485,231;

3. Unfair Competition pursuant to 15 U.S.C. § 1125;

4. Unfair Competition pursuant to N.J.S.A. §§ 56:4-1 and 56:4-2; and

5. Unfair Competition pursuant to New Jersey Common Law.

AAA Louvers denied each of the foregoing causes of action and, on August 30, 2013, filed an Answer, Affirmative Defenses, and Counterclaim to the Complaint (D.E. 9). AAA Louvers asserted the following affirmative defenses:

1. Non-infringement of '050 Patent;

2. Non-infringement of '231 Patent;

3. Invalidity of '050 Patent;

4. Invalidity of '231 Patent;

5. Failure to State a Claim;

6. Failure to Join Necessary and Indispensable Parties;

7. Standing;

8. Subject Matter Jurisdiction;

9. No Willful Infringement;

10. Failure to Give Notice; and

11. Non-infringing Substitute.

AAA Louvers also asserted a counterclaim seeking a declaration that AAA Louvers has not infringed either U.S. Patent No. 6,287,050 or U.S. Patent No. 6,485,231.

3. Have settlement discussions taken place? **Yes.**

    (a) What was plaintiff's last demand? **None.**

        (1) Monetary demand: **None.**

        (2) Non-monetary demand: **None.**

    (b) What was defendant's last offer? **None.**

        (1) Monetary offer: **None.**

        (2) Non—monetary offer: **None.**

4. The parties **have met** pursuant to Fed R. Civ. P. 26(f).

5. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

> **The parties have been actively engaged in exploring the possibility of a settlement and have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before November 15, 2013.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

> **None.**

7. The parties **have not** conducted discovery other than the above disclosures. If so, describe.

> **For settlement purposes only, at Smart Vent's request, on October 16, 2013, AAA Louvers produced to Smart Vent all sales information relating to the flood vents sold by AAA Louvers which allegedly infringe U.S. Patent Nos. 6,287,050 and 6,485,231. This production was made for the purpose of ascertaining whether the possibility exists for a non-litigious resolution of this matter.**

8. Proposed Joint Discovery Plan:

> **In accordance with L. Civ. R. 9.3 ("Local Patent Rules"), the parties submit the following proposed joint discovery plan with respect to the patent claims:**

| | |
|---|---|
| By December 31, 2013: | Plaintiff shall serve: (1) "Disclosure of Asserted Claims and Infringement Contentions"; and (2) Plaintiff's document production pursuant to L. Pat. R. 3.2. |
| By February 20, 2014: | Defendant shall serve: (1) "Non-infringement Contentions and Responses"; (2) Defendant's document production pursuant to L. Pat. R. 3.2A(c); (3) "Invalidity Contentions," if necessary; and (4) Defendant's document production pursuant to L. Pat. R. 3.4, if necessary. |
| By March 3, 2014: | Plaintiff's shall serve: (1) "Responses to Invalidity Contentions," if necessary; and (2) Plaintiff's document production pursuant to L. Pat. R. 3.4A, if necessary. |
| By March 17, 2014: | Pursuant to L. Pat. R. 4.1(A), Parties to exchange claim terms which the parties contend require construction by the Court, and identify any claim term which the parties contend should be governed by 35 U.S.C. § 112(6). |
| By April 7, 2014: | Parties to exchange: (1) "Preliminary Claim Constructions" pursuant to L. Pat. R. 4.2(a); and (2) applicable identifications and descriptions of witness testimony pursuant to L. Pat. R. 4.2(b). |
| By April 21, 2014: | Pursuant to L. Pat. R. 4.2(c), Parties to exchange applicable identifications. |
| By May 5, 2014: | Pursuant to L. Pat. R. 4.3, Parties shall complete and file a "Joint Claim Construction and Prehearing Statement." |
| By June 4, 2014: | Completion of discovery pursuant to L. Pat. R. 4.4 |

| | |
|---|---|
| **By June 23, 2014:** | Pursuant to L. Pat. R. 4.5(a), opening *Markman* submissions must be filed and served. |
| **By July 21, 2014:** | Pursuant to L. Pat. R. 4.5(b), discovery from expert witnesses who submitted a certification or declaration with the "Opening *Markman* Submission" shall be concluded. |
| **By August 20, 2014:** | Pursuant to L. Pat. R. 4.5(c), responses to "Opening *Markman* Submissions" must be filed and served. |
| **By September 3, 2014:** | Pursuant to L. Pat. R. 4.6, deadline for meet and confer as to whether a claim construction hearing is necessary. |

(a) Discovery is needed on the following subjects:

- **patent ownership**
- **patent infringement/non-infringement**
- **patent validity/invalidity**
- **false advertising claims/unfair competition claims**
- **damages**

(b) Discovery **should not** be conducted in phases or be limited to particular issues.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: **on or before November 15, 2013**.

(2) E—Discovery conference pursuant to L. Civ. R. 26.1(d): **Complete.**

(3) Service of initial written discovery: **on or before December 20, 2013.**

(4) Maximum of **25** Interrogatories by each party to each other party.

(5) Maximum of **10** depositions to be taken by each party.

      (6) Motions to amend or to add parties to be filed by: **on or before May 23, 2014**.

      (7) Factual discovery to be completed by: **on or before June 24, 2014**.

      (8) Plaintiff's expert report due: **on or before August 12, 2014**.

      (9) Defendant's expert report due: **on or before September 30, 2014**.

      (10) Expert depositions to be completed: **on or before October 22, 2014**.

      (11) Dispositive motions to be filed: **on or before November 21, 2014**.

(d) Set forth any special discovery mechanism or procedure requested.

    **None.**

(e) A pretrial conference may take place on:

    **After disposition of the parties' dispositive motions, if any.**

(f) Trial date:

    **Jury Trial: After disposition of the parties' dispositive motions, if any.**

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Yes**.

    If so, please explain.

    **Videotaped depositions.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No**.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of

       discovery, production, related software, licensing agreements, etc.

       **Not applicable.**

11. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.

    **Yes. The parties' Proposed Confidentiality Order was so-ordered by the Court on October 9, 2013 (D.E. 18).**

12. Do you anticipate any discovery problem(s) not listed above? Describe. **No.**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    **Given the nature of the relief sought by the parties, the matter is not appropriate for arbitration. The parties are actively in the process of attempting to reach a non-litigated resolution of this matter. To the extent that the parties cannot reach such a resolution, the parties reserve their rights to later request mediation before a mediator of the parties own choosing.**

14. Is this case appropriate for bifurcation? **No.**

15. An interim status/settlement conference (with clients in attendance), should be held:

    **After the completion of fact discovery.**

16. We **do not consent** to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference. **None.**

/s/ Anthony J. DiMarino III__10/31/2013_
Attorney(s) for Plaintiff(s) / Date


/s/ Michael C. Cannata 10/31/2013____
Attorney(s) for Defendant(s) / Date


2855411 v4